IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK JACKSON**, on behalf of himself and others similarly situated, | : <br> : <br> : **Civil Action 2:22-cv-537** <br> Plaintiff,                 : <br> : **Magistrate Judge Chelsey M. Vascura** <br> v.                         : <br> : <br> **HYPERSPORT INDUSTRIES, LLC**,    : <br> : <br> Defendant.           : |

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

Representative Plaintiff Mark Jackson ("Representative Plaintiff") brought the above-captioned action (the "Action") against Defendant HyperSport Industries, LLC ("Defendant") (collectively Representative Plaintiff and Defendant referred to as the "Parties") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Representative Plaintiff alleges that Defendant violated the FLSA by modifying its hourly, non-exempt employees' time punches to reduce these employees' daily hours worked and thus reduce wages and/or otherwise limit or eliminate overtime pay as well as committing violations of the provisions in O.R.C. § 4113.15. Defendant denies these allegations and asserts that it has properly paid its hourly non-exempt employees, including Representative Plaintiff, for all hours worked. This matter is before the Court on the parties' Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice (ECF No. 46). For good cause shown, the Motion is **GRANTED**.

The Court ordered the issuance of notice for this collective action, and a total of 101 employees, including Representative Plaintiff, have joined the case.[1] The Parties exchanged payroll and timekeeping records for Plaintiffs, Plaintiffs engaged a consultant to create a damages analysis, and the Parties attended a private mediation with a well-respected mediator, Jerome F. Weiss, where they ultimately reached a settlement of which they now move for approval.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at

---

[1] Representative Plaintiff and all Opt-In Plaintiffs referred to collectively as the "Plaintiffs."

\*3. Additionally, the Court must assess the reasonableness of any proposed award of attorneys' fees and costs. *Vigna*, 2016 WL 7034237, at \*4.

Having reviewed the Agreement, the Parties' Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice ("Motion"), the declaration of Attorney Adam C. Gedling, and for good cause established therein, the Court hereby approves the settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms in this Order have the same meaning as defined in the Agreement.

2. On February 9, 2022, Mark Jackson, on behalf of himself and other similarly situated employees, filed a Complaint (the "Action") against Defendant for violations of the FLSA and Ohio law. (Compl., ECF No. 1.)

3. In the Action, Representative Plaintiff alleges that Defendant modified its hourly, non-exempt employees' time punches to reduce these employees' daily hours worked and thus reduce wages and/or otherwise limit or eliminate overtime pay. There are additional allegations related to prompt pay under Ohio law.

4. Defendant denies these allegations and asserts that it has properly paid its hourly employees, including Representative Plaintiff, for all hours worked.

5. On June 24, 2022, the Parties filed a Joint Motion for Conditional Certification and to Approve the Parties' Proposed Notice and Consent ("Joint MCC"). (ECF No. 21.) On January 10, 2023, the Court granted the Joint MCC. ECF No. 24. Thereafter, Notice and Consent forms were issued to the potential opt-in plaintiffs. At the conclusion of the notice period, 101

total plaintiffs, including Representative Plaintiff, had joined the Action ("Opt-In Plaintiffs"[2]) (collectively Representative Plaintiff and Opt-In Plaintiffs referred to as "Plaintiffs").

6. The Parties agreed to mediate the Action with Jerome F. Weiss on October 10, 2023. Prior to the mediation, Defendant provided payroll and timekeeping records for Plaintiffs. Plaintiffs' counsel hired an analyst to construct a damages analysis using data provided by Defendant. With the assistance of a third-party neutral mediator, the Parties reached a settlement during mediation.

7. The Parties continue to disagree about aspects of the case, including whether employees' time punches were modified to reduce and/or eliminate overtime compensation, whether overtime compensation was owed, and whether liquidated damages are appropriate.

8. There is no indication that the Settlement was reached by anything other than arms' length and good faith negotiations between the Parties and their respective counsel. The Settlement will avoid expensive litigation for both sides, including comprehensive formal discovery, dispositive motions, trial, and possible appeals.

9. After a careful review of the proposed Agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute pursuant to the FLSA. 29 U.S.C. § 216(b).

10. The settlement provides for a total settlement amount of $150,000. Although the Parties dispute both the existence and amount of unpaid overtime, based upon Representative Plaintiff's calculations, individual settlement payments reflect approximately 99.8% of their calculated alleged overtime damages based on each Plaintiff having 90 minutes of time, per week, that was reduced by Defendant through modified time punches. Further, the minimum

---

[2] Opt-In Plaintiffs does not include Representative Plaintiffs.

Settlement Award paid to any Plaintiff will be $10.00 should their calculated damages for purposes of the Settlement not exceed such amount.

11. In the Sixth Circuit, the recovery in wage and hour cases is typically 7-11%. *See Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (citing *Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022)); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010) (citing Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: *What Explains Settlements in Shareholder Class Actions?* (National Economic Research Assocs. (NERA) June 1995)). Given that the individual settlement payments exceed the typical recovery, these payments are reasonable. *See Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at *3–9 (N.D. Ohio Sept. 13, 2021) (describing recovery of 42% of the alleged overtime damages as an "excellent result" and "substantial relief" in the final approval Order); *Vigna*, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016) (approving an FLSA settlement where individual payments represented 55% of wages alleged owed).

12. Moreover, the Court approves the requested attorneys' fees of $50,000, representing one-third (1/3) of the total settlement amount, as reasonable and is a typical percentage when attorneys seek a percentage of the fund. *See Adams v. Frontier R.R. Servs., LLC*, No. 2:19-CV-808, 2020 WL 9936704, at *2 (S.D. Ohio June 15, 2020) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable); *Campbell v. Wise Med. Staffing, Inc.*, No. 2:18-CV-00493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) (same); *Bailey v. Black Tie Mgmt. Co, LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (same); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL

4574509, at *7–8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.").

13. The Court also approves the requested reimbursement of out-of-pocket costs in the amount of $12,639.90 as outlined in the declaration submitted with the Motion.

14. The Court also approves the payment to the Settlement Administrator of approximately $6,462.00 to administer the Agreement.

15. The Court also approves the $7,500 service award payment to Representative Plaintiff finding that it is fair and reasonable. The amount of the service award is in line with those service award payments the Court has previously approved. *See, e.g.*, *Al-Sabur, et al. v. ADS Alliance Data Sys., Inc.*, No. 2:18-cv-957, ECF. Nos. 22–23 (S.D. Ohio Aug. 6, 2019) (Smith, J.) (approving a service award of $12,500); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *8 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (approving a service award of $10,000). In addition, Representative Plaintiff asserted a retaliation claim which he is waiving by signing a general release in exchange for the service award.

16. The Court orders that distributions to Plaintiffs, attorneys' fees, and expenses be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

17. The Court retains jurisdiction over this case to enforce the terms of the Settlement and the distributions of payments.

Accordingly, the Parties' joint motion (ECF No. 46) is **GRANTED**, and the claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE